IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02712-BNB

LEROY DAMASIO FRESQUEZ,

    Plaintiff,

v.

SHERIFF TED MINKS,
MICHAEL FISH, Detention Service Manager,
JOHN DOE (CAPTAIN), Jan 1, 2010 Through Jan 31, 2011,
JOHN DOE (CAPTAIN), March 5, 2010,
LT. MARTINALLI,
LT. G. GITTINS,
LT. LUCAS,
ADMINISTRATIVE SGT. RENFRO,
SGT. TROY BETKA,
SGT. SCOTT HAPP,
SGT. HOLLOWAY,
SGT. STEVEN WYGANT,
OFFICER KENT FERRIS,
OFFICER KATHRINE FEROE,
DEPUTY SHERIFF CRUMBAKER,
DEPUTY SHERIFF TODD WOOLEY,
DEPUTY SHERIFF RYAN VIERS,
DEPUTY SHERIFF DUSTIN DYELING,
DEPUTY SHERIFF ANTONY KOTRIS,
DEPUTY SHERIFF DONALD SPRINGFIELD,
DEPUTY SHERIFF HOLLEY,
DEPUTY SHERIFF JAMES GELEUDE,
DEPUTY SHERIFF JASON RICHARDSON,
DEPUTY SHERIFF REID PERRY,
DEPUTY SHERIFF WILLIAM BOHM,
DEPUTY SHERIFF ERIK BOUGHAM,
DEPUTY SHERIFF HERBERT LONGSHORE,
DEPUTY SHERIFF #1958 (Name Unknown),
COUNSLER COLLINS,
COUNSLER SUPERVISOR DEBRA ELUDO,
COUNSLER TAHNEE,
CHANTEL CORKLE, Atty,
KORI KIEL, Atty,
DOUGLAS K. WILSON, Atty,
DENNIS HALL, Jefferson County Judge,

WRITER MOTT, Atty,
LAURA WASSMUTH, Atty,
CORRECTIONAL HEALTHCARE MANAGEMENT,
CLAUDIA VAN BUREN/HSA,
RAYMOND HERR, Responsible Physician,
TRACY HAINES, LPN,
KATHERINE BECERRA, RN,
MARIA ROSTAD, Medical Records,
JOHN DOE (Supervisor), March 7, 2010 to Jan 312011,
JANE/JOHN DOE (Charge Nurse) Jan 2010 to January 31, 2011, and
JOHN DOE, Jan 1, 2010 to January 31, 2011,

      Defendants.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

      Plaintiff, Leroy Damasio Fresquez, is a prisoner in the custody of the Colorado Department of Corrections and currently is incarcerated at the Centennial Correctional Facility in Cañon City, Colorado. Mr. Fresquez, acting *pro se*, initiated this action by filing a Prisoner Complaint alleging that his constitutional rights were violated. The Court must construe the Complaint liberally because Mr. Fresquez is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110.

      Mr. Fresquez must assert how all forty-six named defendant's personally participated in each of the alleged constitutional violations. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Fresquez must show that a defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S.

159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A named defendant may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

To state a claim in federal court, a complaint must explain what each defendant did to the plaintiff; when the defendant did it; how the defendant' s action harmed the plaintiff; and, what specific legal right the plaintiff believes the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Mr. Fresquez file within thirty days from the date of this Order an Amended Complaint that is in keeping with the above directives. It is

FURTHER ORDERED that Mr. Fresquez shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that if Mr. Fresquez fails within the time allowed to file an Amended Complaint that complies with this Order, the action will be dismissed without further notice.

DATED November 16, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge