IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02712-BNB

LEROY DAMASIO FRESQUEZ,

    Plaintiff,

v.

SHERIFF TED MINKS,
MICHAEL FISH, Detention Service Manager,
JOHN DOE (CAPTAIN), March 5, 2010,
LT. MARTINALLI,
LT. G. GITTIN,
LT. J. LUCAS,
ADMINISTRATIVE SGT. RENFRO,
SGT. TROY BETKA,
SGT. SCOTT HAPP,
SGT. STEVEN WYGANT,
OFFICER KATHRINE FEROE,
DEPUTY SHERIFF CRUMBAKER,
DEPUTY SHERIFF RYAN VIERS,
DEPUTY SHERIFF DUSTIN DYELING,
DEPUTY SHERIFF ANTHONY KOTRIS,
DEPUTY SHERIFF DONALD SPRINGFIELD,
DEPUTY SHERIFF HOLLEY,
DEPUTY SHERIFF JAMES GELEUDE,
DEPUTY SHERIFF JASON RICHARDSON,
DEPUTY SHERIFF REID PERRY,
DEPUTY SHERIFF WILLIAM BOHM,
DEPUTY SHERIFF ERIK BOUGHAM,
DEPUTY SHERIFF HERBERT LONGSHORE,
DEPUTY SHERIFF #1958 (Name Unknown),
COUNSELOR MIKE COLLINS,
COUNSELOR SUPERVISOR DEBRA ELUDO,
CHANTEL CORKLE, Atty,
DOUGLAS K. WILSON, Atty,
DENNIS HALL, Jefferson County Judge,
WRITER MOTT, Atty,
LAURA WASSMUTH, Atty,
CORRECTIONAL HEALTHCARE MANAGEMENT,
CLAUDIA VAN BUREN/HSA,
RAYMOND HERR, Responsible Physician,
TRACY HAINES, LPN, and
KATHERINE BECERRA, RN,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

Plaintiff, Leroy Damasio Fresquez, is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Centennial Correctional Facility in Cañon City, Colorado.  On November 16, 2011, the Court entered an order directing Mr. Fresquez to file an Amended Complaint that stated how each named defendant personally participated in violating his constitutional rights.  Mr. Fresquez also was instructed to state what each defendant did to him, when the defendant engaged in the action, how the action harmed him, and what specific legal right he believes the defendant violated.  Mr. Fresquez filed an Amended Complaint on December 12, 2011. The Amended Complaint is twenty-one pages long and is written in small lettering, single-spaced.  Mr. Fresquez names thirty-six defendants.

The Court must construe the Amended Complaint liberally because Mr. Fresquez is a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as a *pro se* litigant's advocate.  **Hall**, 935 F.2d at 1110.  For the reasons stated below, Mr. Fresquez will be ordered to file a Second Amended Complaint.

The Court has reviewed the Amended Complaint filed by Mr. Fresquez and finds that the Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v.*

*American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.

Mr. Fresquez fails to set forth a short and plain statement of his claims showing that he is entitled to relief and has presented his claims in a narrative chronological format that is repetitive rather than asserting the claims in a short and concise format. Furthermore, although Mr. Fresquez specifically states what certain named defendants did to violate his constitutional rights, for the most part his claims are conclusory and vague and rely on supervisory responsibility. Therefore, Mr. Fresquez will be directed to file a Second Amended Complaint that complies with the pleading requirements of Rule 8. It is Mr. Fresquez' responsibility to present his claims in a short and concise format.

Mr. Fresquez must allege specific facts in his Second Amended Complaint that demonstrate how each named defendant personally participated in the asserted constitutional violations. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Fresquez must show that each defendant caused the

deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position.  *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986);  *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

To state a claim in federal court, the Second Amended "[C]omplaint must explain what **each defendant** did to [the plaintiff] . . .; when the defendant did it; how the defendant's action harmed him . . . ; and, what specific legal right [he] believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10thCir. 2007) (emphasis added).  Accordingly, it is

ORDERED that Mr. Fresquez file, **within thirty days from the date of this Order**, a Second Amended Complaint that complies with the particulars of this Order.  It is

FURTHER ORDERED that Mr. Fresquez shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that if Mr. Fresquez fails to comply with this Order within the time allowed the action will be dismissed without further notice.

DATED January 6, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland  
United States Magistrate Judge