IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02712-BNB

LEROY DAMASIO FRESQUEZ,

    Plaintiff,

v.

SHERIFF TED MINKS,
MICHAEL FISH, Detention Service Manager,
JOHN DOE (CAPTAIN), March 5, 2010,
LT. MARTINALLI,
LT. G. GITTIN,
LT. J. LUCAS,
ADMINISTRATIVE SGT. RENFRO,
SGT. TROY BETKA,
SGT. SCOTT HAPP,
SGT. STEVEN WYGANT,
OFFICER KATHRINE FEROE,
DEPUTY SHERIFF CRUMBAKER,
DEPUTY SHERIFF RYAN VIERS,
DEPUTY SHERIFF DUSTIN DYELING,
DEPUTY SHERIFF ANTHONY KOTRIS,
DEPUTY SHERIFF DONALD SPRINGFIELD,
DEPUTY SHERIFF HOLLEY,
DEPUTY SHERIFF JAMES GELEUDE,
DEPUTY SHERIFF JASON RICHARDSON,
DEPUTY SHERIFF REID PERRY,
DEPUTY SHERIFF WILLIAM BOHM,
DEPUTY SHERIFF ERIK BOUGHAM,
DEPUTY SHERIFF HERBERT LONGSHORE,
DEPUTY SHERIFF #1958 (Name Unknown),
COUNSELOR MIKE COLLINS,
COUNSELOR SUPERVISOR DEBRA ELUDO,
CHANTEL CORKLE, Atty,
DOUGLAS K. WILSON, Atty,
DENNIS HALL, Jefferson County Judge,
WRITER MOTT, Atty,
LAURA WASSMUTH, Atty,
CORRECTIONAL HEALTHCARE MANAGEMENT,
CLAUDIA VAN BUREN, HSA,
RAYMOND HERR, Responsible Physician,
TRACY HAINES, LPN, and
KATHERINE BECERRA, RN,

    Defendants.

ORDER TO DISMISS IN PART AND TO DRAW IN PART
TO DISTRICT JUDGE AND MAGISTRATE JUDGE

Plaintiff, Leroy Damasio Fresquez, is a prisoner in the custody of the Colorado Department of Corrections and currently is incarcerated at the Colorado State Penitentiary in Cañon City, Colorado. Mr. Fresquez, acting *pro se*, has filed a Prisoner Complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331, 1343, and 1391 and seeks injunctive relief and money damages.

The Court construes the Complaint liberally because Mr. Fresquez is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court cannot act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed in part and drawn in part to a district judge and a magistrate judge.

Mr. Fresquez asserts his Eighth Amendment rights were violated when Defendants Ryan Viers and Erik Baughman physically abused him and other named Defendants failed to provide medical treatment for the injuries he incurred as a result of the abuse. Mr. Fresquez also asserts that his due process rights were violated when certain Defendants tampered with and abridged his outgoing legal mail. Mr. Fresquez further asserts Defendants committed assault and battery, harassment, retaliation against a witness, and first degree misconduct in violation of Colorado state law. Mr. Fresquez seeks injunctive relief and money damages.

The claims asserted against Defendants Chantel Corkle, Douglas K. Wilson, Writer Mott, Laura Wassmuth, and Dennis Hall will be dismissed for the following

reasons. Defendant Judge Dennis Hall is absolutely immune from liability in civil rights suits when he is acting in his judicial capacity, unless he acts in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994). Defendants Wassmuth, Corkle, Mott, and Wilson also are immune from suit in § 1983 actions, whether they are prosecutors, public defenders, or private attorneys. *See Polk County v. Dodson*, 454 U.S. 312, 318 and 325 (1981) (Private attorneys or public defenders are not state actors under § 1983 and are not proper parties to this action.); *see* also, *Imbler v. Pachtman*, 424 U.S. 409, 420-24 (1976) (Prosecutors enjoy immunity from suit under § 1983.).

Even if Defendants Wassmuth, Corkle, Mott, Wilson, and Hall were not immune from suit under § 1983, the Court finds no constitutional violation based on a claim of "ethical duty" to ensure a prisoner's safety. Mr. Fresquez does not assert that Defendants Corkle, Wilson, Wassmuth, Mott, or Hall personally participated in the alleged assault, the denial of his medical needs, and the interference with his legal papers as required under *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). Mr. Fresquez also does not assert that Defendants Wassmuth, Corkle, Mott, Wilson or Hall and jail personnel had an agreement or meeting of the minds to violate his constitutional rights. Finally, Defendants Wassmuth, Corkle, Mott, Wilson, and Hall are not responsible for the proper management of the jail. Mr. Fresquez, therefore, is not able to show active participation or acquiescence through personal participation, exercise of control of direction, failure to supervise, or tacit authorization of the offending acts by these Defendants. *See Serna v. Colo. Dep't of Corr.*, 455 F.3d 1146, 1151 (10th Cir. 2006); *see also, Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988).

Because the Court finds no legal authority for a violation of a prisoner's constitutional rights based on an alleged ethical duty, the claims asserted against Defendants Corkle, Wilson, Wassmuth, Mott, and Hall will be dismissed as legally frivolous.

Finally, although Mr. Fresquez has made monthly payments for January and February, he has not complied with the Court's Order of November 15, 2011, regarding the month of March. Mr. Fresquez is required to show cause why he is not able to make a monthly payment by submitting a certified trust fund account statement. The account statement Mr. Fresquez submitted on March 9, 2012, is not certified and does not show the deposits and balance for his account for the entire month of February.

Mr. Fresquez will be directed to submit an account statement that is certified and that shows the deposits to and balance of his account for the entire month of February. Mr. Fresquez again is instructed to make monthly payments to the Court of twenty percent of the preceding month's income credited to his account each time the amount in the account exceeds $10.00 or to show cause why he has no assets and no means by which to make each monthly payment by submitting a **certified** account statement that shows the deposits and balance for the entire preceding month. Accordingly, it is

ORDERED that Defendants Chantel Corkle, Douglas K. Wilson, Writer Mott, Laura Wassmuth, and Dennis Hall are dismissed from the action and the claims asserted against them are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). It is

FURTHER ORDERED that the Complaint with respect to the remaining Defendants shall be drawn to a district judge and to a magistrate judge. It is

FURTHER ORDERED that Mr. Fresquez is directed to submit a certified account statement that shows deposits and balance for the month of February.  It is

FURTHER ORDERED that if Mr. Fresquez fails to file a certified account statement by April 2, 2012, as described above, the Complaint and action will be dismissed without notice.

DATED at Denver, Colorado, this  22nd  day of     March        , 2012.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court