IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–02712–REB–KMT

LEROY DAMASIO FRESQUEZ,

    Plaintiff,

v.

SHERIFF TED MINKS,
MICHAEL FISH, Detention Service Manager,
JOHN DOE (CAPTAIN), March 5, 2010,
LT. MARTINALLI,
LT. G. GITTIN,
LT. J. LUCAS,
ADMINISTRATIVE SGT. RENFRO,
SGT. TROY BETKA,
SGT. SCOTT HAPP,
SGT. STEVEN WYGANT,
OFFICER KATHRINE FEROE,
DEPUTY SHERIFF CRUMBAKER,
DEPUTY SHERIFF RYAN VIERS,
DEPUTY SHERIFF DUSTIN DYELING,
DEPUTY SHERIFF ANTHONY KOTRIS,
DEPUTY SHERIFF DONALD SPRINGFIELD,
DEPUTY SHERIFF HOLLEY,
DEPUTY SHERIFF JAMES GELEUDE,
DEPUTY SHERIFF JASON RICHARDSON,
DEPUTY SHERIFF REID PERRY,
DEPUTY SHERIFF WILLIAM BOHM,
DEPUTY SHERIFF ERIK BOUGHAM,
DEPUTY SHERIFF HERBERT LONGSHORE,
DEPUTY SHERIFF #1958 (Name Unknown),
COUNSELOR MIKE COLLINS,
COUNSELOR SUPERVISOR DEBRA ELUDO,
CORRECTIONAL HEALTHCARE MANAGEMENT,
CLAUDIA VAN BUREN/HSA,
RAYMOND HERR, Responsible Physician,
TRACY HAINES, LPN, and

KATHERINE BECERRA, RN,

      Defendants.

---

**MINUTE ORDER**

---

**ORDER ENTERED BY MAGISTRATE JUDGE KATHLEEN M. TAFOYA**

This matter is before the court on Document Number 33, filed by Plaintiff on April 9, 2012, which the court construes to be a Motion for Transcripts and for Copies of Certain Court Filings. Plaintiff's Motion (Doc. No. 33) is GRANTED in part and DENIED in part.

To the extent that Plaintiff seeks state court hearings transcripts, Plaintiff's Motion (Doc. No. 33) is DENIED. Plaintiff effectively seeks discovery to obtain transcripts of certain state court hearings because they "would corroborate with [Plaintiff's] 2nd Amended Complaint as intrinsic evidence." (Mot. at 2.) Pursuant to Fed. R. Civ. P. 26(a)(1)(B)(iv), *pro se* actions brought by individuals in the custody of the United States, a state, or a state subdivision are a category of proceedings "exempt from initial disclosure." Fed. R. Civ. P. 26(a)(1)(B)(iv). Additionally, the local rules of this court provide that a scheduling order and orders for discovery are unnecessary in categories of proceedings listed in Fed. R. Civ. P. 26(a)(1)(B). D.C.COLO.LCivR 16.2.B.2. The court declines to allow discovery prior to the entry of a scheduling order or discovery order.

Plaintiff's Motion is GRANTED to the extent that Plaintiff seeks copies of his initial Prisoner Complaint (Doc. No. 1, filed Oct. 18, 2011) and his Amended Prisoner Complaint (Doc. No. 9, filed Dec. 12, 2011). The clerk of court is directed to mail Plaintiff a copy of his initial Prisoner Complaint (Doc. No. 1) and his Amended Prisoner Complaint (Doc. No. 9). Plaintiff is advised that the court will not provide him with additional copies of court filings in the future.

Dated: April 9, 2012